GEORGE W. HARPER, JR., Suing in Behalf of Himself and Other Stockholders of the GILBERT MANUFACTURING COMPANY, Appellant, v. FRANCIS E. BABCOCK and Others, Individually and as Directors and Trustees of the GILBERT MANUFACTURING COMPANY, and the GILBERT MANUFACTURING COMPANY, Respondents.

Appeal from an order of the Supreme Court, entered in the New York county clerk's office on the 24th day of December, 1913, denying a motion for a receiver of the assets of the defendant Gilbert Manufacturing Company, during the pendency of the action.

PER CURIAM: The order should be reversed, with ten dollars costs and disbursements to the plaintiff payable out of the fund, and the motion granted so far as to require the money now on deposit in banks in the city of New York to remain as deposited and not to be withdrawn except on final judgment or the further order of the court. Present — Ingraham, P. J., McLaughlin, Laughlin, Clarke and Scott, JJ. Order reversed, with ten dollars costs and disbursements to plaintiff, and motion granted to extent stated in opinion. Order to be settled on notice.

GAETANO SCIACCA, Respondent, v. THE CITY OF NEW YORK, Appellant.

Appeal from a judgment of the Supreme Court, entered in the New York county clerk's office on the 28th day of May, 1913, on verdict, and also from an order entered on the 27th day of May, 1913, denying a motion for a new trial.

PER CURIAM: The evidence does not sustain the finding that the defendant was negligent. The judgment and order appealed from are, therefore, reversed, with costs, and the complaint dismissed, with costs. Present — Ingraham, P. J., McLaughlin, Laughlin, Clarke and Scott, JJ. Judgment and order reversed, with costs, and complaint dismissed, with costs. Order to be settled on notice.

In the Matter of the Transfer Tax upon the Estate of HENRY C. VALENTINE, Deceased.

GRACE C. VALENTINE, as Executrix, etc., Appellant; THE COMPTROLLER OF THE STATE OF NEW YORK, Respondent.

Appeal from an order of the Surrogate's Court of the county of New York, entered on the 19th day of December, 1913, which affirmed an order fixing a transfer tax on the estate.

PER CURIAM: We disagree with the learned surrogate in sustaining the objections to the first appraiser's report, as we think the amount found

by the appraiser was a fair estimate of the value of the stock in question. The decree of the surrogate should, therefore, be reversed, with costs to the appellant, and the first appraiser's report fixing the value of the stock at $125.72 per share affirmed, and the appraisal of the property fixed at that sum. Present — Ingraham, P. J., McLaughlin, Laughlin, Scott and Dowling, JJ. Decree reversed, with costs to appellant, first appraiser's report fixing value of stock at $125.72 per share affirmed, and appraisal of property fixed at that sum. Order to be settled on notice.